```
                                    RECEIPT # 52009
                                    AMOUNT $ 150
                                    SUMMONS ISSUED Y 4
                                    LOCAL RULE 4.1
        UNITED STATES DISTRICT COURT  WAIVER FORM
          DISTRICT OF MASSACHUSETTS   MCF ISSUED
                                      BY DPTY. CLK. M
* * * * * * * * * * * * * *   Civil Action No. DATE  11-24-03
                          *
THEODORE M. MOUNTZURIS,   *
                          *   BBO No. 351000
          Plaintiff,      *
                          *   Complaint
                          *   for Entry of
v.                        *   Judgment Confirming
                          *   the Arbitrator's First
                          *   Supplemental Award in
RESTAURANT CONSULTING     *   American Arbitration
SERVICES, INC. and        *   Association Proceeding
ASPEON, INC.,             *   No. 11 1160054 2
                          *
          Defendants.     *
                          *              03-12375 WGY
* * * * * * * * * * * * * *
```

MAGISTRATE JUDGE Dein

1. **Introduction.**

1.  By this complaint, plaintiff Theodore M. Mountzuris requests the court to enter a judgment confirming, pursuant to Massachusetts G.L. c. 251, §1, et seq., the September 25, 2003, "First Supplemental Award of the Arbitrator" in Mountzuris v. Restaurant Consulting Services, Inc., et al., American Arbitration Association, No. 11 1600454 2, a copy of which is annexed hereto as Exhibit "1."

2. **Parties.**

2.  Plaintiff is Theodore M. Mountzuris ("Mountzuris") who resides at Five Knobb Hill, Byfield, Essex County, Massachusetts 01922.


3.   Defendants are Restaurant Consulting Services, Inc. ("RCS"), a corporation organized under the laws of the State of Delaware, with its principal office located at 16832 Redhill Avenue, Irvine, California 92606, and Aspeon, Inc. ("Aspeon"), also a corporation organized under the laws of the State of Delaware, with its principal office also located at 16832 Redhill Avenue, Irvine, California 92606.

### 3. Jurisdiction.

4.   This court has jurisdiction pursuant to 28 U.S.C. §1332 as this litigation is between citizens of different states and the amount in controversy is in excess of $75,000.

### 4. Venue.

5.   Venue in this district is proper as, among other things, Mountzuris, RCS and Aspeon are signatories to a certain Employment Agreement, dated as of August 25, 1999, a copy of which is annexed hereto as Exhibit "2," in which the parties agreed, in Article 6.1, that,

> [e]xcept as to any action which requires ex parte relief, expeditious orders of court, restraining orders, injunctive relief or the like in order to maintain the status quo or protect a party's interest, <u>any controversy, dispute or claim arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement</u>, including any claim based on contract, tort or statute, <u>shall be resolved</u>, at the request of any party, <u>by submission to binding arbitration in the County of Middlesex, Massachusetts, and any</u>

<u>judgment or award rendered by the arbitrator shall be final, binding and unappealable, and judgment may be entered by any state or federal court having jurisdiction thereof,</u>

and, in Article 7.7, that,

[t]he validity, interpretation, construction, performance, enforcement and remedies of or relating to this Agreement, <u>and the rights and obligations of the parties hereunder, shall be governed by the substantive laws of Massachusetts, and any and every legal proceeding</u> (other than arbitration proceedings conducted in accordance with Article 6 hereof) <u>arising out of or in connection with this Agreement shall be brought in the appropriate courts of Massachusetts, each of the parties hereby consenting to the exclusive jurisdiction of said courts for this purpose</u>.

(Emphasis added.)

5. <u>Facts</u>.

6. In 2001, a controversy arose between Mountzuris and RCS-Aspeon concerning the duties of RCS-Aspeon to pay defense costs of, and to indemnify, Mountzuris in connection with his defense of certain claims of Cummings Properties LLC ("Cummings"), as lessor, against Aspeon Solutions, Inc. ("Solutions"), an affiliate of both RCS and Aspeon, as lessee of certain commercial office space in Beverly, Massachusetts, and Mountzuris, as an alleged guarantor of the lease, for damages for breach of the lease by Solutions and breach of an alleged guaranty by Mountzuris.

3

7. In early July 2001, Cummings brought suit against Solutions and Mountzuris in the Massachusetts Trial Court, District Court Department, Salem Division, <u>Cummings, LLC</u> v. <u>Aspeon Solutions, Inc. et al.</u>, No. 0136 CV 0903 (the "State Court Action"), seeking a judgment for possession of the premises and a judgment for liquidated damages in excess of $900,000 plus interest and attorneys' fees. Mountzuris interposed various defenses and affirmative defenses to the claims of Cummings.[1] After five days of trial in 2002 before District Court Judge Anthony Sullivan, the Salem District Court on January 15, 2003, took the case under advisement. The parties are awaiting a decision.

8. In January 2002, before the trial of the State Court Action commenced, Mountzuris requested that RCS-Aspeon arbitrate the indemnification and defense costs controversy, following which he and RCS-Aspeon proceeded to arbitration under the auspices of the American Arbitration Association, No. 11 11600454 2, before a single arbitrator, retired Massachusetts Superior Court Judge William W. Simons.

9. On November 19, 2002, the arbitrator issued an award in favor of Mountzuris (the "Arbitrator's Initial Award"), which granted relief to Mountzuris for, among other things, the

---

[1] These include, among others, fraud in the factum, unilateral mistake and that the liquidated damages clause is unenforceable as a penalty and against public policy.

attorneys' fees and expenses he had incurred in the period through September 30, 2002, for his defense of the State Court Action and his prosecution of the arbitration proceeding. A copy of the Arbitrator's Initial Award is annexed hereto as Exhibit "3."

10. On March 12, 2003, this court (Young, C.D.J.), in Restaurant Consulting Services, Inc. and Aspeon, Inc. v. Theodore M. Mountzuris, United States District Court, District of Massachusetts, Civil Action No. 02-12177-WGY, entered a Memorandum and Order confirming the Arbitrator's Initial Award. A copy of the Memorandum and Order is annexed hereto as Exhibit "4."

11. On April 24, 2003, the court (Young, C.D.J.) entered an Amended Judgment in Civil Action No. 02-12177-WGY that confirmed the Arbitrator's Initial Award. A copy of the Amended Judgment is annexed hereto as Exhibit "5."[2]

12. By motion, dated June 4, 2003 ("Motion to Re-open"), Mountzuris, as permitted by ¶5 of the Initial Arbitrator's Award, moved the AAA to re-open the arbitration proceeding for purposes of determining the specific amounts of additional fees and expenses for which RCS and Aspeon are liable, jointly and severally, to Mountzuris under ¶¶3,4 and 5 of the Initial Arbitrator's Award. A copy of the Mountzuris Motion to Re-open

---

[2] Aspeon and RCS noticed an appeal to the United States Court of Appeals for the First Circuit, but that appeal has been dismissed.

is annexed hereto as Exhibit "6."

13. Mountzuris supplemented the claim set forth in his Motion to Re-open, by his "...Supplement to the Claims Set Forth in [the] Motion to Re-open...," dated August 12, 2003, a copy of which is annexed hereto as Exhibit "7."

14. After due and proper notice to RCS-Aspeon, the arbitrator re-opened the arbitration proceeding and, on August 20, 2003, conducted a hearing and took evidence.

15. On September 25, 2003, the arbitrator issued a "First Supplemental Award of Arbitrator," see Exhibit 1, annexed hereto, finding in favor of Mountzuris as follows:

> 1. The Motion to Re-open these proceedings to consider the claims set forth therein is ALLOWED.
>
> 2. The claim of Mountzuris set forth in the Motion to Re-open, as amended by the Supplement, against Restaurant Consulting Associates, Inc. and Aspeon, Inc. is ALLOWED to the extent set forth below and it is found and adjudged that Restaurant Consulting Services, Inc. and Aspeon, Inc. are indebted, jointly and severally, and shall pay forthwith to Theodore M. Mountzuris as follows:
>
> A. His reasonable expenses including attorney's fees, actually and necessarily incurred by Mountzuris in the period since September 30, 2002, through July 31, 2003, in connection with (1) defense of the District Court Action (Cummings Properties, LLC v. Aspeon Solutions, Inc., et al., Massachusetts Trial Court, District Court Department, Salem Division, Civil Action No. 0136 CV 0903); (2) prosecution of this arbitration proceeding; (3) litigation of Restaurant Consulting Services, Inc. et al. v. Mountzuris, United States District Court, Civil Action No. 02-12177-WGY, including the appeal to the United States Court of Appeals for the First Circuit of the

6

Amended Judgment; and, (4) litigation in California and related activities in connection with actions by Mountzuris to enforce the Amended Judgment, the sum of $63,311.93 for the services of Kevin F. Moloney and Barron & Stadfeld, P.C. in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

   B.   In connection with above referred litigation and related matters, the sum of $17,679.83 for the services of Attorney Michael J. Betcher in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

   C.   The sum of $8,000 paid directly by Mountzuris in the period since October 1, 2002, through July 31, 2003, for attorneys' fees for California counsel in connection with litigation to enforce the Amended Judgment confirming the Original Award ($7,000) and for asset investigation fees ($500) and two bonds ($500), which litigation and enforcement actions are on-going.

   2.   The total amount to be paid forthwith is $88,991.76.

   3.   Upon request of Mountzuris from time to time made, the American Arbitration Association will re-open this matter for purposes of determining the specific amount of costs and expenses for which Restaurant Consulting Services, Inc. and Aspeon, Inc. are liable under Paragraphs 3 and 4 of the Original Award.

   4.   The administrative fees and expenses of the Association totaling $150.00 and the compensation and expenses of the Arbitrator totaling $1,814.50 shall be borne by Restaurant Consulting Services, Inc. and Aspeon, Inc.  Therefore, Restaurant Consulting Services, Inc. and Aspeon, Inc. shall pay to Mountzuris the sum of $675.00 representing its share of amounts previously advanced to the Association. Restaurant Consulting Services, Inc. and Aspeon, Inc. shall pay to the Association $1,289.50 representing amounts still due the Association.

16. RCS and Aspeon failed to contest the First Supplemental Award of Arbitrator within the time allowed by Massachusetts G.L. c. 251.

### 6. Relief Requested.

17. WHEREFORE, Theodore M. Mountzuris requests the court to enter, pursuant to Massachusetts G.L. c. 251, §.1 et seq., the following as a judgment of this court:

    1. The First Supplemental Award of Arbitrator in American Arbitration Association proceeding No. 11 11600454 2 is confirmed.

    2. Restaurant Consulting Services, Inc. and Aspeon, Inc. are indebted, jointly and severally, and shall pay forthwith to Theodore M. Mountzuris as follows:

        A.   His reasonable expenses including attorney's fees, actually and necessarily incurred by Mountzuris in the period since September 30, 2002, through July 31, 2003, in connection with (1) defense of the District Court Action (Cummings Properties, LLC v. Aspeon Solutions, Inc., et al., Massachusetts Trial Court, District Court Department, Salem Division, Civil Action No. 0136 CV 0903); (2) prosecution of this arbitration proceeding; (3) litigation of Restaurant Consulting Services, Inc. et al. v. Mountzuris, United States District Court, Civil Action No. 02-12177-WGY, including the appeal to the United States Court of Appeals for the First Circuit of the Amended Judgment; and, (4) litigation in California and related activities in connection with actions by Mountzuris to enforce the Amended Judgment, the sum of $63,311.93

        for the services of Kevin F. Moloney and Barron & Stadfeld, P.C. in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

   B.   In connection with above referred litigation and related matters, the sum of $17,679.83 for the services of Attorney Michael J. Betcher in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

   C.   The sum of $8,000 paid directly by Mountzuris in the period since October 1, 2002, through July 31, 2003, for attorneys' fees for California counsel in connection with litigation to enforce the Amended Judgment confirming the Original Award ($7,000) and for asset investigation fees ($500) and two bonds ($500), which litigation and enforcement actions are on-going.

    3. The total amount to be paid forthwith to Mountzuris is $88,991.76.

    4. Upon request of Mountzuris from time to time made, the American Arbitration Association shall re-open AAA proceeding No. 11 1600454 2 for purposes of determining the specific amount of costs and expenses for which Restaurant Consulting Services, Inc. and Aspeon, Inc. are liable under Paragraphs 3 and 4 of the Original Award in that proceeding.

    5. The administrative fees and expenses of the Association totaling $150.00 and the compensation and expenses of the Arbitrator totaling $1,814.50 shall be borne by Restaurant Consulting Services, Inc. and Aspeon, Inc. Therefore, Restaurant Consulting Services, Inc. and Aspeon, Inc. shall pay to Mountzuris the sum of $675.00 representing its share of amounts previously advanced to the Association. Restaurant Consulting Services, Inc. and Aspeon, Inc.

shall pay to the Association $1,289.50 representing amounts still due the Association. These amounts reflect all payments made to date.

    6. The court will retain jurisdiction of this matter so as to allow any of the parties, in the event that an arbitrator in American Arbitration Association proceeding No. 11 11600454, issues one or more subsequent awards, to move to re-open this case for purposes of moving to confirm or to vacate any such award.

                      THEODORE M. MOUNTZURIS, plaintiff,

                      By his attorneys,

                      BARRON & STADFELD P.C.

                      /s/ Kevin F. Moloney

                      Kevin F. Moloney  BBO No. 351000
                      50 Staniford Street, Suite 200
                      Boston, Massachusetts 02114
                      Tel.: 617 723 9800/531.6569
                      Fax:  617.523.8359
                      e-mail: kfm@barronstad.com

Dated: November 24, 2002

[276000.1]