## BARRON & STADFELD, P.C.

ATTORNEYS AT LAW
50 STANIFORD STREET
SUITE 200
BOSTON, MASSACHUSETTS 02114-2505
(617) 723-9800
(800) 433-3530
FACSIMILE: (617) 523-8359

BARRON@BARRONSTAD.COM

BERNARD A. DWORK
ENID M. STARR
THOMAS V. BENNETT
EDWARD E. KELLY
KEVIN F. MOLONEY
DAVID P. DWORK
JULIE T. MORAN *(NY)
JOSEPH G. BUTLER *(MD)(RI)
DENISE L. PAGE
KERRY PAUL CHOI
JOHN K. BRITT
SHAWN P. O'ROURKE *(NH)
ROGER T. MANWARING
KEVIN P. SCANLON *(NH)
KELLY A. FLYNN *(NY)
BENJAMIN S. KAFKA
RACHEL D. BAIME
RANDY J. SPENCER
NANCIE L. EDGREN
RENÉE M. NORTHROP *(CT)

*ALSO ADMITTED

HERTZ N. HENKOFF
ELLIOTT J. MAHLER
WILKINS AND DeYOUNG
OF COUNSEL

LEO DUNN (1920-1990)

CAPE COD OFFICE
258 WINTER STREET
HYANNIS, MASSACHUSETTS 02601
(508) 778-6622

DIRECT DIAL NUMBER:

April 8, 2004

**Restaurant Consulting Services, Inc.**
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Re:   <u>Mountzuris</u> v. <u>Restaurant Consulting Services, Inc. and Aspeon, Inc.</u>, United States District Court, District of Massachusetts, Civil Action No. 03-12375-WGY

Dear Sir/Madam:

Enclosed herewith please a copy of "Request, Pursuant to Fed.R.Civ.P. 55(b)(1), of Plaintiff Theodore M. Mountzuris for Entry of Judgment by Default Against Each of Defendants Restaurant Consulting Services, Inc. and Aspeon, Inc." that was filed in the U.S. District Court, District of Massachusetts, on April 2, 2004.

Very truly yours,

BARRON & STADFELD, P.C.

Kevin F. Moloney

KFM/
cc:   Theodore M. Mountzuris (w/o encl.)
      Michael J. Betcher (w/o encl.)

[288760.1]



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THEODORE M. MOUNTZURIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RESTAURANT CONSULTING<br>SERVICES, INC. and<br>ASPEON, INC.,<br><br>　　　　　Defendants. | * | Civil Action No. 03-12375-WGY<br><br>BBO No. 351000<br><br>Request, Pursuant to<br>Fed.R.Civ.P. 55(b)(1),<br>of Plaintiff Theodore<br>M. Mountzuris for<br>Entry of Judgment by<br>Default Against Each<br>of Defendants Restaurant<br>Consulting Services,<br>Inc. and Aspeon, Inc. |

Pursuant to Fed.R.Civ.P. 55(b)(1), plaintiff Theodore M. Mountzuris ("Mountzuris") requests the Clerk to enter a judgment by default against each of defendants Restaurant Consulting Services, Inc. ("RCS") and Aspeon, Inc. ("Aspeon"). The grounds for this request are as follows:

On November 14, 2003, Mountzuris filed a "Complaint for Entry of Judgment Confirming the Arbitrator's First Supplemental Award in American Arbitration Association Proceeding No. 11 1160054 2." The relief sought by that complaint, set out in paragraph 17 thereof, is that there be entered as a judgment of this court the following:

1. The First Supplemental Award of Arbitrator in American Arbitration Association proceeding No. 11 11600454 2 is confirmed.

2. Restaurant Consulting Services, Inc. and Aspeon, Inc. are indebted, jointly and severally, and shall pay forthwith to Theodore M. Mountzuris as follows:

   A. His reasonable expenses including attorney's fees, actually and necessarily incurred by Mountzuris in the period since September 30, 2002, through July 31, 2003, in connection with (1) defense of the District Court Action (<u>Cummings Properties, LLC</u> v. <u>Aspeon Solutions, Inc., et al.</u>, Massachusetts Trial Court, District Court Department, Salem Division, Civil Action No. 0136 CV 0903); (2) prosecution of this arbitration proceeding; (3) litigation of <u>Restaurant Consulting Services, Inc. et al.</u> v. <u>Mountzuris</u>, United States District Court, Civil Action No. 02-12177-WGY, including the appeal to the United States Court of Appeals for the First Circuit of the Amended Judgment; and, (4) litigation in California and related activities in connection with actions by Mountzuris to enforce the Amended Judgment, the sum of $63,311.93 for the services of Kevin F. Moloney and Barron & Stadfeld, P.C. in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

   B. In connection with above referred litigation and related matters, the sum of $17,679.83 for the services of Attorney Michael J. Betcher in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

2

  C. The sum of $8,000 paid directly by Mountzuris in the period since October 1, 2002, through July 31, 2003, for attorneys' fees for California counsel in connection with litigation to enforce the Amended Judgment confirming the Original Award ($7,000) and for asset investigation fees ($500) and two bonds ($500), which litigation and enforcement actions are on-going.

 3. The total amount to be paid forthwith to Mountzuris is $88,991.76.

 4. Upon request of Mountzuris from time to time made, the American Arbitration Association shall re-open AAA proceeding No. 11 1600454 2 for purposes of determining the specific amount of costs and expenses for which Restaurant Consulting Services, Inc. and Aspeon, Inc. are liable under Paragraphs 3 and 4 of the Original Award in that proceeding.

 5. The administrative fees and expenses of the Association totaling $150.00 and the compensation and expenses of the Arbitrator totaling $1,814.50 shall be borne by Restaurant Consulting Services, Inc. and Aspeon, Inc. Therefore, Restaurant Consulting Services, Inc. and Aspeon, Inc. shall pay to Mountzuris the sum of $675.00 representing its share of amounts previously advanced to the Association. Restaurant Consulting Services, Inc. and Aspeon, Inc. shall pay to the Association $1,289.50 representing amounts still due the Association. These amounts reflect all payments made to date.

 6. The court will retain jurisdiction of this matter so as to allow any of the parties, in the event that an arbitrator in American Arbitration Association proceeding No. 11 11600454, issues one or more subsequent awards, to move to re-open this case for purposes of moving to confirm or to vacate any such award.

3

On March --, 2004, pursuant to Fed.R.Civ.P. 55(a), the court entered a defaults against RCS and against Aspeon.

Accordingly, Mountzuris request the clerk to enter as a judgment of this court the following:

    1. The First Supplemental Award of Arbitrator in American Arbitration Association proceeding No. 11 11600454 2 is confirmed.

    2. Restaurant Consulting Services, Inc. and Aspeon, Inc. are indebted, jointly and severally, and shall pay forthwith to Theodore M. Mountzuris as follows:

    A.    His reasonable expenses including attorney's fees, actually and necessarily incurred by Mountzuris in the period since September 30, 2002, through July 31, 2003, in connection with (1) defense of the District Court Action (<u>Cummings Properties, LLC v. Aspeon Solutions, Inc., et al.</u>, Massachusetts Trial Court, District Court Department, Salem Division, Civil Action No. 0136 CV 0903); (2) prosecution of this arbitration proceeding; (3) litigation of <u>Restaurant Consulting Services, Inc. et al. v. Mountzuris</u>, United States District Court, Civil Action No. 02-12177-WGY, including the appeal to the United States Court of Appeals for the First Circuit of the Amended Judgment; and, (4) litigation in California and related activities in connection with actions by Mountzuris to enforce the Amended Judgment, the sum of $63,311.93 for the services of Kevin F. Moloney and Barron & Stadfeld, P.C. in the period October 1, 2002, through July 31, 2003, which are on-going and continue to be incurred by Mountzuris; and,

4

proceeding No. 11 11600454, issues one or more subsequent awards, to move to re-open this case for purposes of moving to confirm or to vacate any such award.

THEODORE M. MOUNTZURIS, plaintiff,

By his attorneys,

BARRON & STADFELD P.C.

_____
Kevin F. Moloney   BBO No. 351000
50 Staniford Street, Suite 200
Boston, Massachusetts 02114
Tel.: 617 723 9800/531.6569
Fax:  617.523.8359
e-mail: kfm@barronstad.com

Dated: April 2, 2004

[288263.1]

6